JACK HIRSHFIELD, TRANSFEREE (JACROB REALTY CORP., TRANSFEROR), ET AL.,[1] PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 7235–71—7238–71.    Filed April 21, 1975.

*Howard A. Rumpf,* for the petitioners.

[1] The following cases are consolidated herewith: Robert L. Hirshfield, Transferee (Anco, Inc., Transferor), docket No. 7236–71; Robert L. Hirshfield, Transferee (Jacrob Realty Corp., Transferor), docket No. 7237–71; Jack Hirshfield, Transferee (Anco, Inc., Transferor), docket No. 7238–71.

*Robert N. Ginsburg* and *Kenneth G. Gordon,* for the respondent.

OPINION

WILBUR, *Judge:* Respondent determined deficiencies in income tax of Jacrob Realty Corp. (Jacrob) for the taxable periods ending August 31, 1965, August 31, 1966, and December 31, 1966, in the amounts of $37,793.72, $116,319.01, and $27,781.83, respectively. Respondent also determined deficiencies in income tax of Anco, Inc. (Anco), for the taxable periods ending September 30, 1965, September 30, 1966, and December 31, 1966, in the amounts of $41,911.10, $180,876.88, and $80,421.85, respectively. Respondent determined that petitioners were liable as transferees for these deficiencies. Petitioners concede they are transferees within the meaning of section 6901 of the Internal Revenue Code[2] but contend that respondent erred in determining these deficiencies in the income tax of the transferor corporations.

The sole issue for decision is the date on which the transferor corporations were required to liquidate in order to avoid taxation as personal holding companies.

All of the facts have been stipulated and are incorporated herein along with accompanying exhibits.

Petitioner in docket Nos. 7235–71 and 7238–71, Jack Hirshfield, was a resident of New Haven, Conn., at the time the petitions in these cases were filed. Petitioner in docket Nos. 7236–71 and 7237–71, Robert L. Hirshfield, was a resident of New York, N.Y., at the time the petitions in these cases were filed.[3]

Jacrob, transferor in docket Nos. 7235–71 and 7237–71, was incorporated under the laws of the State of New Jersey. It filed its corporate income tax returns for the years in issue with the District Director of Internal Revenue, Newark, N.J. On November 30, 1966, petitioners, the two equal shareholders of Jacrob, resolved to liquidate the corporation. Certified resolutions and the appropriate internal revenue liquidation forms were filed with the District Director of Internal Revenue, Newark, N.J., on December 1, 1966. On the same date, petitioners also elected shareholder treatment under section 333

---

[2] The Internal Revenue Code of 1954 will hereinafter be referred to as the Code.

[3] Jack Hirshfield and Robert L. Hirshfield will hereinafter be referred to as petitioners.

of the Code. All of the corporate assets and liabilities of Jacrob were distributed equally to the shareholders.

Anco, the transferor in docket Nos. 7236–71 and 7238–71, was incorporated under the laws of the State of North Carolina. It filed its corporate income tax returns for the years ending September 30, 1965, and September 30, 1966, with the District Director of Internal Revenue, Greensboro, N.C., and for the period ending December 31, 1966, with the Internal Revenue Southeast Service Center. On November 30, 1966, petitioners, the two equal shareholders of Anco, likewise resolved to liquidate this corporation, and filed certified resolutions and the appropriate internal revenue liquidation and shareholder election forms with the District Director of Internal Revenue, Greensboro, N.C., on December 1, 1966. All of the corporate assets and liabilities of Anco were distributed equally to the shareholders.

Jacrob and Anco were subsequently dissolved under the respective laws of the States of New Jersey and North Carolina.

Section 225(a) through (d) of the Revenue Act of 1964 [4] expanded the class of corporations which are characterized as personal holding companies. Pursuant to these amendments, many corporations which were not previously classified as personal holding companies were subjected to the personal holding company provisions of the Internal Revenue Code. In order to ameliorate the impact of the new provisions on corporations and shareholders of corporations not formerly subject to the personal holding company provisions, and to facilitate liquidation of these corporations to avoid the impact of the new provisions, Congress included two distinct relief measures. The first relief measure, section 225(h)(1) provides that, in the case of corporations newly subjected to the personal holding company act, the new provisions "shall not apply if there is a complete liquidation of such corporation and if the distribution of all the property under such liquidation occurs before *January 1, 1966.*" (Emphasis supplied.) [5] The date

---

[4] Pub. L. 88–272, 78 Stat. 19 (Feb. 26, 1964). Unless otherwise indicated, all section references are to the Revenue Act of 1964.

[5] Sec. 225(h)(1) provides in full:
SEC. 225. PERSONAL HOLDING COMPANIES.
(h) EXCEPTION FOR CERTAIN CORPORATIONS.—
    (1) GENERAL RULE.—Except as provided in paragraph (2), in the case of a corporation referred to in section 333(g)(3) of the Internal Revenue Code of 1954 (as added by subsection (g) of this section), the amendments made by this section (other than

specified in this provision, governing the tax at the *corporate* level, is clearly spelled out in the statute, and it is equally clear that both Jacrob and Anco were liquidated *after* this date. The transferor corporations, therefore, do not qualify for relief under this provision, and it provides no basis for relieving petitioners of transferee liability.

The *second* relief measure, section 225(g) of the 1964 Act, provides relief to *shareholders* who liquidate corporations newly subjected to the personal holding provisions by reason of the broader definitions added to the Code by the 1964 Act. Section 225(g) amends section 333 of the Code (relating to elections by shareholders as to the recognition of gain in certain liquidations) to make the provisions of section 333 available, with certain modifications, to electing shareholders who realize gain on the liquidation of corporations newly subjected to the personal holding company provisions by reason of the broader definitions added to the Code by the 1964 Act.[6] It is clear that the second

---

subsections (f) and (g) shall not apply *if there is a complete liquidation* of such corporation and if the distribution of all the property under such liquidation occurs before *January 1, 1966.* [Emphasis added.]
SEC. 333. ELECTION AS TO RECOGNITION OF GAIN IN CERTAIN LIQUIDATIONS.
(g) SPECIAL RULE—
    * * *
    (3) CORPORATIONS REFERRED TO.—* * *[A] corporation referred to in this paragraph is a corporation which for at least one of the two most recent taxable years ending before the date of the enactment of this subsection was not a personal holding company under section 542, but would have been a personal holding company under section 542 for such taxable year if the law applicable for the first taxable year beginning after December 31, 1963, had been applicable to such taxable year.

[6] The relevant language of sec. 333(g) of the Code provides:
(g) SPECIAL RULE.—
    (1) LIQUIDATIONS BEFORE JANUARY 1, 1967.—In the case of a liquidation occurring before January 1, 1967, of a corporation referred to in paragraph (3)—
        (A) the date "December 31, 1953" referred to in subsections (e)(2) and (f)(1) shall be treated as if such date were "December 31, 1962", and
        (B) in the case of stock in such corporation held for more than 6 months, the term "a dividend" as used in subsection (e)(1) shall be treated as if such term were "long-term capital gain".
Subparagraph (B) shall not apply to any earnings and profits to which the corporation succeeds after December 31, 1963, pursuant to any corporate reorganization or pursuant to any liquidation to which section 332 applies, except earnings and profits which on December 31, 1963, constituted earnings and profits of a corporation referred to in paragraph (3), and except earnings and profits which were earned after such date by a corporation referred to in paragraph (3).
    * * *
    (3) CORPORATIONS REFERRED TO.—For purposes of paragraphs (1) and (2), a corporation referred to in this paragraph is a corporation which for at least one of the two most recent taxable years ending before the date of the enactment of this subsection

relief measure relating to *shareholders* is available to shareholders of corporations liquidating prior to January 1, 1967.

Petitioners argue that we should read both section 225(h), providing relief at the *corporate* level, and section 225(g), providing relief at the *shareholder* level, as requiring liquidation before January 1, 1967. Since section 225(h) clearly and unequivocally requires liquidation "before January 1, 1966," this cannot be done.[7]

· Unfortunately petitioners have confused the two provisions designed to ameliorate the effect of the broader personal holding company definitions added to the Code by the Revenue Act of 1964. Section 225(h)(1), which governs this case, was aimed at *corporate* relief from the personal holding company tax. Section 225(g), on the other hand, was designed to provide *shareholder* relief upon liquidation of the newly classified personal holding company. Section 225(g), upon which petitioners rely, makes the provisions of section 333 of the Code available, with certain modifications, to qualified electing shareholders if the liquidation occurs before January 1, 1967. Subsection (g) does not exempt the corporation from personal holding company treatment.

Since the deficiencies asserted here are based on taxation as a personal holding company rather than on the tax consequences of a liquidating distribution from a personal holding company, petitioners' reliance on section 225(g) is misplaced. The pertinent section of the Revenue Act of 1964 is section 225(h) and the applicable date is clearly January 1, 1966. Since neither of the transferor corporations liquidated before January 1, 1966, both were subject to tax as personal holding companies.

---

was not a personal holding company under section 542, but would have been a personal holding company under section 542 for such taxable year if the law applicable for the first taxable year beginning after December 31, 1963, had been applicable to such taxable year.

[7] Petitioners contend that the Senate amended the House bill to extend the Jan. 1, 1966, date specified in sec. 225(h) to Jan. 1, 1967, and that the House receded in the Senate amendment. Again, the amendment petitioners refer to related only to sec. 225(g), providing shareholder relief. The provisions reflected in sec. 225(h), dealing with *corporations,* were identical in both the House and Senate passed bills. Compare sec. 216(h) of H.R. 8363 (p. 142 of the House passed bill) with sec. 226(h) (p. 198 of the Senate passed bill.) See also Conf. Rept. No. 1149, 88th Cong., 2d Sess., p. 44 (1964).

Consequently, petitioners are liable as transferees for the deficiencies here determined.

*Decisions will be entered under Rule 155.*